IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION - CINCINNATI

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | Case No. 1:19-cr-130(27) |
| Plaintiff, | : | |
| | : | Judge Matthew W. McFarland |
| v. | : | |
| HAROLD WALKER, | : | |
| Defendant. | : | |

**ORDER DENYING MOTION FOR RECONSIDERATION FOR BOND (Doc. 583)**

This case is before the Court on Defendant Harold Walker's Motion for Reconsideration for Bond (Doc. 583). Due to the current COVID-19 outbreak, Mr. Walker requests that the Court exercise its authority pursuant to 18 U.S.C. § 3142(i)(4) and grant him a temporary release from pretrial detention. (*Id.*) The Government has informed the Court that it does not intend to file a response in opposition to Mr. Walker's request.

18 U.S.C. § 3142(i)(4) provides, in part, that a "judicial officer may . . . permit the temporary release of the person . . . to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason." (*Id.*) Under this statute, Mr. Walker bears the burden of establishing circumstances warranting temporary release. *United States v. Smoot*, No. 2:19-CR-20, 2020 WL 1501810, at *2 (S.D. Ohio Mar. 30, 2020).

Mr. Walker, who is 42 years old, is currently being treated for Stage 1

Hypertension and Type 2 Diabetes. (*See* Docs. 583, 583-1, 583-2, 583-3, 583-4.) In addition, Mr. Walker has a Body Mass Index above 30, making him medically Obese. (*Id*.) Due to his age, hypertension, Type 2 Diabetes, and obesity, Mr. Walker is at an increased risk of hospitalization and serious complications if he were to contract COVID-19. (*See* Docs. 583-5, 583-6, 583-7.) Moreover, Butler County Detention Center, where Mr. Walker is currently detained, has had at least one confirmed case of COVID-19. (*See* Doc. 583-8.) Mr. Walker argues that, due to his heightened concerns of catching COVID-19, the Court should grant him a temporary release from pretrial detention and, instead, place him on electronic monitoring.

However, the Court cannot, in good-faith, grant Mr. Walker's request. In order to do so, the Court must be satisfied that the conditions of Mr. Walker's temporary release would "reasonably assure the appearance of the person as required" and would not "endanger the safety of any person or the community." 18 U.S.C. § 3142. But as this Court has already noted, in addition to the presently charged offense, Mr. Walker has an extensive criminal history. This includes—but is certainly not limited to—the following charges: aggravated menacing; felonious assault; obstruction of official business; conspiracy to distribute and possess with intent to distribute cocaine, cocaine base, and marijuana; felon in possession of a firearm; and multiple misdemeanor drug possession convictions. (Doc. 207.) Mr. Walker also has five driving under suspension offenses, ten excessive sound convictions, twelve failures to appear, and has had multiple capiases ordered against him. Moreover, Mr. Walker has a currently pending case in Hamilton County, Ohio, charging him with three counts for trafficking in drugs,

2

possession of drugs, and having weapons while under disability. (*Id.*)

While the Court is mindful of, and sensitive to, the "unprecedented magnitude of the COVID-19 pandemic and the extremely serious health risks it presents," *Smoot*, 2020 WL 1501810, at *2, here, there are no conditions or combination of conditions that would alleviate the Court's serious concerns that Mr. Walker poses both a flight risk and a danger to the community. *See also United States of America v. Harold Walker*, 1:29-cr-130(27), Doc. #: 467 (S.D.OH. April 15, 2020) (the Court expressly incorporates its previous Order Denying Motion for Temporary Release). Accordingly, Defendant Harold Walker's Motion for Reconsideration for Bond (Doc. 583) is hereby **DENIED**.

**IT IS SO ORDERED.**

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO

By: _____
JUDGE MATTHEW W. McFARLAND